IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **wineCRAFT, LLC,** | : | **Case No. 1:24-cv-292** |
| **Plaintiff,** | : | |
| v. | : | **Hon. _____** |
| **ELV-Oregon LLC,**<br>**dba Evening Land Vineyards,** | : | |
| **Defendant.** | : | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant ELV-Oregon LLC, dba Evening Land Vineyards ("Defendant"), by and through its undersigned counsel, hereby gives notice of removal of this action, bearing case number A 2402044, from the Court of Common Pleas, Hamilton County, Ohio, to the United States District Court for the Southern District of Ohio, Western Division. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant provides the following statement of grounds for removal.

### PROCEDURAL BACKGROUND

1. On or about May 8, 2024, Plaintiff wineCRAFT, LLC ("Plaintiff") filed the above-captioned action in the Court of Common Pleas, Hamilton County, Ohio, case number A 2402044 ("State Court Action"). Defendant received a copy of the Summons and Complaint by certified mail on May 20, 2024.

2. Defendant has not filed any responsive pleadings concerning this case in the Court

1

of Common Pleas, Hamilton County, Ohio, prior to filing this Notice of Removal.

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in the State Court Action are attached hereto as **Exhibit 1.**

### TIMELINESS OF REMOVAL

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days after receipt by Defendant of Plaintiff's initial pleading setting forth the alleged claim for relief upon which such action is based.

### BASIS OF REMOVAL

5. This action is removable to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332(a), which grants jurisdiction over all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. This action is further removable to this Court under 28 U.S.C. § 1441 because the State Court Action is pending in Hamilton County, a place within the Western Division of the U.S. District Court for the Southern District of Ohio.

**A. Amount in Controversy**

7. Plaintiff's Complaint seeks "[m]onetary damages include specific lost revenue due to Defendant's unlawful withholding of product. wineCRAFT had grown its sales of Evening Land product up to $7,500 a month and growing in early 2022. By withholding delivery of product to wineCRAFT over the past 24 months, Defendant has damaged wineCRAFT in an amount that will be determined at trial, but in excess of $25,000." Compl. ¶ 35.

8. Defendant reasonably believes the Complaint seeks damages in excess of $75,000.

Plaintiff pled that the damages sought are "in excess of $25,000" and specifically, damages "up to $7,500 a month" and "growing" over a period of "the past 24 months." *Id.*

9. Based upon the above, Defendant reasonably believes the amount in controversy requirement is met.

**B.  Complete Diversity of Citizenship**

10. For purposes of federal jurisdiction, "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

11. At the time of the commencement of the State Court Action and, on information and belief, at the time of removal, Plaintiff was and is a citizen of Ohio. (Exhibit 1, Compl. ¶ 1.)

12. At the time of the commencement of the State Court Action and at the time of removal, Defendant was and is an Oregon limited liability company. The members of Defendant are citizens of the State of Oregon. (*Id.*) Therefore, Defendant is not a citizen of Ohio for purposes of diversity jurisdiction.

13. Accordingly, this Court has original diversity jurisdiction over the State Court Action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and because the alleged amount in controversy exceeds $75,000. Thus, this action may properly be removed to this Court under 28 U.S.C. § 1441.

### OTHER REQUIREMENTS

14. Promptly after the filing of this Notice of Removal, Defendant shall provide notice of the removal to Plaintiff through her attorney of record in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

15. Defendant reserves all rights including any and all defenses and objections, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

DATED: May 21, 2024

Respectfully submitted,

*/s/ B. Andrew Pike*
B. Andrew Pike (Ohio Bar No. 98496)
Stoel Rives LLP
600 University St., Suite 3600
Seattle, WA 98101
Tel: (206) 624-0900
Fax: (206) 386-7500
Email: andrew.pike@stoel.com

*Attorney for Defendant ELV-Oregon LLC, dba Evening Land Vineyards*

# DECLARATION OF SERVICE

I, B. Andrew Pike hereby declare as follows:

On the date indicated below, I caused to be delivered one true and correct copy of the foregoing document on counsel of record as follows:

**Attorney for Plaintiff**

Benjamin C. White (0098232)  ☐ hand delivery via legal messenger
Aaron M. Herzig (0079371)  ☐ overnight delivery
Taft Stettinius & Hollister LLP  ☒ mailing with postage prepaid
425 Walnut Street, Suite 1800  ☒ via electronic mail
Cincinnati, OH 45202-3957  bwhite@taftlaw.com
(513) 381-2838  aherzig@taftlaw.com
(513) 381-0205 Fax

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 21st day of May 2024 at Seattle, Washington.

/s/ B. Andrew Pike

B. Andrew Pike (Ohio Bar No. 98496)

*Attorney for Defendant ELV-Oregon LLC, dba Evening Land Vineyards*