

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

**ELECTRONICALLY FILED**
**May 8, 2024 04:14 PM**
**PAVAN PARIKH**
**Clerk of Courts**
**Hamilton County, Ohio**
**CONFIRMATION 1468057**

**WINECRAFT LLC**

**A 2402044**

**vs.**

**ELVOREGON LLC DBA EVENING LAND VINEYARDS**

## FILING TYPE: INITIAL FILING (IN COUNTY) WITH NO JURY DEMAND

## PAGES FILED: 18

EFR200

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

| | | |
|---|---|---|
| wineCRAFT, LLC | : | |
| 706 Oak Street | : | |
| Cincinnati, Ohio 45206 | : | Case No. _____ |
| | : | |
| **Plaintiff,** | : | Judge _____ |
| | : | |
| v. | : | |
| | : | |
| ELV-Oregon LLC | : | |
| dba Evening Land Vineyards | : | **VERIFIED COMPLAINT FOR** |
| 4180 Lone Star Road NW | : | **DECLARATORY RELIEF,** |
| Salem, OR 97304 | : | **TEMPORARY RESTRAINING** |
| | : | **ORDER, AND PRELIMINARY** |
| ALSO SERVE: | : | **AND PERMANENT** |
| | : | **INJUNCTIVE RELIEF AND** |
| Jennifer Gill, Statutory Agent | : | **DAMAGES** |
| 572 Patterson St. NW | : | |
| Suite 170 | : | |
| Salem, OR 97304 | : | |
| | : | |
| **Defendant.** | : | |

For its Verified Complaint Plaintiff wineCRAFT, LLC states as follows:

**NATURE OF THE ACTION**

1.      Plaintiff wineCRAFT, LLC, a wine distributor, and Defendant ELV-Oregon LLC, a wine manufacturer, established a franchise relationship years ago when Defendant used wineCRAFT to distribute its wines into Ohio. That relationship led to wineCRAFT significantly growing Defendant's brand in Ohio. But the relationship began to sour when Defendant began refusing to fill wineCRAFT's orders. The dispute recently came to a head when Defendant attempted to terminate the franchise relationship without any warrant under applicable state law. Now, Defendant threatens to contact the Ohio Division of Liquor Control, believing that its notice of termination was legitimate. It is not.

2.     This is an action to enforce Ohio law establishing the franchise relationship between Defendant ELV-Oregon LLC and Plaintiff wineCRAFT, LLC. Once such a franchise relationship is established, provisions of the Ohio Revised Code require that, among other things,

- The producer may not withhold delivery of product to the distributor;
- The producer may not sell its product into Ohio through a different distributor; and
- The producer may not terminate the franchise relationship absent just cause.

Because Defendant has done and threatens to continue to do each of those proscribed acts, to the damage of wineCRAFT, wineCRAFT brings this action for declaratory and injunctive relief and damages.

**PARTIES**

3.     Plaintiff wineCRAFT, LLC is an Ohio limited liability company organized in 2016 to continue the business that G. Gordon Hue had developed and was conducting as a sole proprietorship under the wineCRAFT name. It continues its operations in Hamilton County, Ohio, and it is one of the leading distributors of fine wines into the greater Cincinnati area, including northern Kentucky, and into the rest of Ohio. wineCRAFT primarily distributes wines from California, Oregon, France, Italy, Spain and Austria. Included among wineCRAFT's customers are the premier restaurants, wine bars, and retail wine establishments in the greater Cincinnati area. wineCRAFT's principal place of business is 706 Oak Street, Cincinnati, Ohio.

4.     Defendant ELV-Oregon, LLC is an Oregon limited liability company organized in 2007 and operating in Salem, Oregon. ELV-Oregon produces wine under the Evening Land Vineyards label and distributes it nationally, including into the State of

Ohio and the Commonwealth of Kentucky. This action arises out of ELV-Oregon's distribution and sale of its wines into the State of Ohio.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to Ohio Rev. Code 1333.87 and 2721.02.

6.      Venue is proper in this Court pursuant to Ohio Rev. Code 1333.87 and Ohio Civil Rule 3(C).

7.      This Court has personal jurisdiction over Defendant pursuant to Ohio Rev. Code 2307.382(A)(1) and (2) because this cause of action arises from Defendant's transacting business and contracting to supply goods in Ohio. Furthermore, the franchise agreement exists by operation of R.C. 1333.83, which provides that when a wine distributor distributes wine for a wine manufacturer for ninety days or more without a written contract, a franchise relationship is established. There is no dispute that wineCRAFT (a wine distributor) distributed wine for Defendant (a wine manufacturer) for over ninety days. Therefore, Defendant has purposely availed itself of the benefits of Ohio law and Ohio business by using wineCRAFT to distribute its wines into Ohio.

## FACTUAL BACKGROUND

8.      In 2016, Defendant first began to distribute its products into Ohio through wineCRAFT. Because Defendant did not have a written franchise contract covering those sales and because those sales continued for a period of more than 90 days, a franchise relationship was established between the parties pursuant to Rev. Code 1333.83:

> When a distributor of beer or wine for a manufacturer … distributes the beer or wine for ninety days or more without a written contract, a franchise relationship is established between the parties, and sections 1333.82 to 1333.87 of the Revised Code apply to the manufacturer, its successor or assigns, and the distributor.

9.      At the same time, Defendant started distributing its product into Kentucky through wineCRAFT.

10.      In 2016, because of the change to the LLC structure, wineCRAFT was required to re-register its brands with the Kentucky liquor authorities. It reached out to Defendant's representatives to let them know of that required filing to cover those Kentucky sales.



11.      Within hours, Defendant provided the information needed to make those filings:



Defendant has subsequently claimed that it never authorized the sale of any of its products by wineCRAFT into Kentucky—the primary basis for its claim that there is just cause for cancellation of wineCRAFT's franchise relationship. But copied on this email

4

was Jennifer Gill, a partner in Defendant and the registered agent for Defendant with the Oregon state government. From the Evening Land website[1]:



12.     In August of 2020, Defendant's representatives reached out to Gordon Hue at wineCRAFT to ask that it relinquish its rights to sell the Sandhi brand in Ohio and Kentucky. At the time, Sashi Moorman, Defendant's managing partner, was also managing partner of Sandhi Wines, a producer of wines in Santa Rita Hills of California.[2] wineCRAFT said it was willing to release its rights to sell Sandhi wines in Ohio upon condition that it would continue to sell the other product lines—specifically Evening Land Vineyards—in Ohio and in Kentucky. Mr. Moorman



---

[1] *Jennifer Gill*, EVENING LAND VINEYARDS, https://elvwines.com/pages/jennifer-gill (last visited May 7, 2024).
[2] *Sashi Moorman*, EVENING LAND VINEYARDS, https://elvwines.com/pages/sashi-moorman (last visited May 7, 2024).

agreed and, fully authorized to do so by Defendant, committed Defendant to continue to authorize wineCRAFT to sell Evening Land Vineyards in Kentucky as well as Ohio. With offer, acceptance, and consideration, the 2020 agreement is a binding contract under Ohio law ("2020 Contract").

13.     Coming out of the pandemic, with its devastating impacts on food and beverage sales across the country, wineCRAFT was working hard to expand the reach of its brands, including Evening Land. The dollar volume of Evening Land purchases went from $22,219.31 in 2020 up to $59,442.24 in 2021 ($5,000 per month). For the first four months of 2022, those sales totaled $29,843 ($7,500 per month).

14.     Pursuant to the franchise relationship that it had established with wineCRAFT, Defendant had undertaken specific obligations under R.C. 1333.84, including:

> … no manufacturer or distributor engaged in the sale and distribution of alcoholic beverages, or a subsidiary of any such manufacturer, shall:
>
> (A) Fail to act in good faith or without just cause in acting or purporting to act under the terms of a franchise or in cancelling or failing to renew a franchise;
>
> (B) Award an additional franchise for the sale of the same brand within the same sales area or territory.
>
> ***
>
> (D) Without reasonable cause, withhold delivery of alcoholic beverages ordered by a distributor, or change or amend a distributor's quota of a manufacturer's product or brand;

15.     On April 8, 2022, disregarding its obligation under R.C. 1333.84(D), Defendant determined that it would completely cut off its sales to wineCRAFT, and would not accept or fulfill any further orders from it. The purported rationale was that Evening Land did not want to sell wineCRAFT product that could end up in Kentucky

under a theory—never before expressed and directly contrary to the 2020 Contract—that "Evening Land is registered with WineCRAFT in Ohio. It is not registered to WineCRAFT in Kentucky." April 8, 2022 email from Defendant's national sales director Amy Johnson.

16.     When wineCRAFT wanted to organize a wine dinner at a premier restaurant, Boca, it invited Defendant to enhance exposure of Evening Land products in the community:



From: Alex Hue <a.hue@winecraft.us>
Sent: Thursday, March 31, 2022 8:58 AM
To: Amy Johnson <Amy@elvwines.com>
Cc: Gordon Hue <g.hue@winecraft.us>; Nathanael Gunter <ngunter@elvwines.com>
Subject: Market Visit + Clarification

Good Morning Amy!

Hope you've had a nice week while the weekend is on the horizon.

We would love to get you in town for a market visit with an organized chardonnay dinner at Boca, which should be a great fit.
In awareness of recent KY visits, we would like to get something cleared up, as Cincinnati market visits for us certainly include our Northern Kentucky accounts. It was our understand that in relinquishing Sandhi in Ohio, we were granted ELV in Kentucky.

As my dad has a hard time working through everything on his to do list, this is a reminder for him to address the situation, if you would please call him at your convenience.

I have Nat copied in here as he was part of the original discussion and might be able to lend clarity.

Thanks,

Alex Hue
917.992.2214
a.hue@winecraft.us

Defendant refused to come unless wineCRAFT gave up its rights to sell in Kentucky.

17.     On December 8, 2022, in response to further efforts to purchase Evening Land product, Ms. Johnson was very clear in Defendant's position—drop the right to sell in Kentucky or we will not provide product in Ohio:

7

From: **Amy Johnson** Amy@elvwines.com
Subject: RE: Current Availabities
Date: December 6, 2022 at 1:21 PM
To: Alex Hue a.hue@winecraft.us
Cc: Gordon Hue g.hue@winecraft.us

Hello Alex,

I hope you are doing well.

We did receive this order, but we can't release the wine to wineCRAFT because we have not gotten written confirmation from your company indicating that you will sell our products only in Ohio, and not Kentucky or any surrounding states. If you can provide that guarantee, we can move forward. Please let me know how you would like to proceed.

Thanks,

Amy

18.     Such conditioning of the sale of product in Ohio upon agreeing to give up the contractual right to sell those same products in Kentucky is a direct violation of <u>Ohio Revised Code 1333.84(D)</u> ("Without reasonable cause, withhold delivery of alcoholic beverages ordered by a distributor").

19.     wineCRAFT has stood and stands ready, willing, and able to purchase Evening Land product. It has asked that Evening Land honor its obligations under R.C. 1333.84(D). Defendant has refused.

20.     Subsection D was not the only obligation of R.C. 1333.84 that Defendant breached. Defendant awarded "an additional franchise for the sale of" numerous of its brands in Ohio—directly contrary to R.C. 1333.84(B) ("no manufacturer or distributor engaged in the sale and distribution of alcoholic beverages … shall … Award an additional franchise for the sale of the same brand within the same sales area or territory"). Between March 21, 2024 and April 10, 2024, Vintner Select has registered a dozen Evening Land brands with the Ohio Division of Liquor Control:



21.     Defendant was not yet done violating its obligations under Ohio law. On February 14, 2024, Defendant's counsel sent a letter (attached as Exhibit 1), purporting to be a notice of termination pursuant to R.C. 1333.85. But that statute prohibits a manufacturer from canceling or failing to renew a franchise "for other than just cause and without at least sixty days' written notice to the other party setting forth the reasons for such cancellation…."

22.     The letter listed three "reasons" for the cancellation:

- The fact that wineCRAFT had not purchased Evening Land wine since 2022;
- The "repeated attempts to contact you regarding strategies in the assigned geographic area;" and
- The fact that wineCRAFT had purportedly purchased wine "for wholesale into Ohio, which it then attempted to sell across state lines into Kentucky without authorization."

9

23.     None of the stated reasons provide the just cause that R.C. 1333.85 requires. **No purchases?** The lack of purchases was because of Defendant's refusal to fulfill wineCRAFT's orders contrary to R.C. 1333.83(D). **Strategies?** When wineCRAFT raised the subject of brand visits to the market to meet with the many restaurants and retail outlets that wineCRAFT services so as to advance the brand in the market, the answer was the same: we will not come until you give up your right to sell the products in Kentucky. **Across state lines without authorization?** Completely made up. Under the 2020 Contract, wineCRAFT had the right to sell in Kentucky—there was never an instance of wine purchased for Ohio "attempted to [be sold] across state lines."

24.     Based upon the facts and Ohio law, Defendant has no basis to cancel or terminate the franchise relationship. To the contrary, Defendant's efforts to do so violate yet another of its obligations under Ohio law:

> no manufacturer or distributor engaged in the sale and distribution of alcoholic beverages … shall … Fail to act in good faith or without just cause in acting or purporting to act under the terms of a franchise or in cancelling or failing to renew a franchise.

R.C. 1333.84(A).

25.     Defendant threatens to continue its contumacious conduct. On April 30, 2024, Defendant's counsel wrote that "At this point, ELV-Oregon LLC intends to submit the termination letter to Ohio Division of Liquor Control, on the basis that we provided notice of termination over 60 days ago."

## COUNT I - DECLARATORY JUDGMENT

26.     Plaintiff restates the allegations contained in paragraphs 1 through 25 above as if fully rewritten here.

10

27.     An actual controversy exists between Plaintiff and Defendant concerning the continuing existence of the franchise relationship established between them under R.C. 1333.82-87. Defendant believes it has just cause to cancel that relationship pursuant to R.C. 1333.85. The truth is that it has no just cause to cancel it.

28.     An actual controversy exists between Plaintiff and Defendant concerning the rights of wineCRAFT to continue to sell Evening Land product in Kentucky. Defendant believes wineCRAFT has no such right; wineCRAFT believes those rights were specifically authorized and confirmed by Defendant's managing partner in 2020 and were and are a contractual commitment by Defendant.

29.     An actual controversy exists between Plaintiff and Defendant concerning the right of Defendant to condition delivery of product in Ohio upon wineCRAFT's relinquishing of rights to sell product in Kentucky.

30.     Plaintiff seeks a declaratory judgment determining (a) the continuing existence of the franchise relationship between the parties and the lack of just cause for cancelation of that relationship under R.C. 1333.85, (b) wineCRAFT's right to order and receive product in Ohio from Defendant and to receive brand visits in Ohio without giving up its rights to sell in Kentucky, and (c) wineCRAFT's contractual right to continue to sell Evening Land product in Kentucky.

31.     Beyond the declaration of rights, Plaintiff seeks appropriate injunctive relief, including specific performance, as necessary to effectuate the declaratory judgment.

**COUNT II - BREACH OF CONTRACTUAL AND STATUTORY DUTIES**

32.     Plaintiff restates the allegations contained in paragraphs 1 through 31 above as if fully rewritten here.

11

33.     Defendant's actions, as set out above, have been in breach of its obligations under R.C. 1333.82-86.  Pursuant to R.C. 1333.87, "Any manufacturer … who directly or through an officer, employee, or agent violates section 1333.82 to 1333.86 of the Revised Code is liable to the party injured by such violation for all reasonable damages sustained by the party that are the proximate result of the unlawful act of the manufacturer or distributor, his officer, employee, or agent."

34.     These actions have proximately caused monetary and non-monetary damages to wineCRAFT, including reputational injury in the marketplace as well as a loss of the time and effort that wineCRAFT has invested into the Evening Land brands.

35.     Monetary damages include specific lost revenue due to Defendant's unlawful withholding of product. wineCRAFT had grown its sales of Evening Land product up to $7,500 a month and growing in early 2022. By withholding delivery of product to wineCRAFT over the past 24 months, Defendant has damaged wineCRAFT in an amount that will be determined at trial, but in excess of $25,000.

## COUNT III – INJUNCTIVE RELIEF

36.     Plaintiff restates the allegations contained in paragraphs 1 through 35 above as if fully rewritten here.

37.     The legal obligations set out in R.C. 1333.82 to 1333.86 are designed to provide to wine distributors in Ohio a stability and predictability to their business so that they are incentivized to invest in the brands they are representing—for their benefit and for the benefit of the manufacturers whom they are representing in the market. The core of wineCRAFT's business is convincing the many restaurants and retail establishments to which it sells that the products they represent are high quality, worthy of consumption,

and, if a customer likes the product, available indefinitely into the future. wineCRAFT's credibility in the marketplace is directly tied to those factors.

38.     By ignoring its obligations under those Sections, Defendant has irreparably harmed and continues to irreparably harm wineCRAFT's business, its stability, and its predictability. Future monetary damages would not serve to adequately compensate wineCRAFT for that harm because such damages do nothing to restore the credibility of wineCRAFT's business or the stability and predictability that the statutes are designed to foster and protect.

39.     wineCRAFT has no adequate remedy at law.

**WHEREFORE**, having fully pled at this time, wineCRAFT, LLC, demands the following relief:

(a)     That the Court declare that the parties continue in the franchise relationship described in R.C. 1333.82-87, that Defendant has no just cause to cancel that relationship, that wineCRAFT has the right to order and receive Evening Land product in Ohio from Defendant and to receive brand visits in Ohio without giving up its rights to sell in Kentucky, and that wineCRAFT has a contract right to continue to sell Evening Land product in Kentucky;

(b)     That the Court issue a temporary restraining order and preliminary and permanent injunctive relief against ELV-Oregon precluding it from (1) refusing to accept orders from wineCRAFT, (2) recognizing and selling to a distributor in Ohio other than wineCRAFT, and (3) taking steps to terminate its relationship with wineCRAFT, LLC;

(c)     That the Court award Plaintiff damages resulting from Defendant's refusal to sell product to wineCRAFT from May of 2022 to the present;

(d)     That the Court award Plaintiffs their costs and attorneys' fees in connection with this action; and

(e)     That the Court order all other relief that the Court deems just and equitable.

Respectfully submitted,


*/s/ Benjamin C. White*
Benjamin C. White (0098232)
Aaron M. Herzig (0079371)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
(513) 381-2838
(513) 381-0205 Fax
bwhite@taftlaw.com
aherzig@taftlaw.com

*Attorneys for Plaintiff wineCRAFT, LLC*

14

**SERVICE INSTRUCTIONS TO THE CLERK**

Please serve the Defendant and its Statutory Agent with a copy of the Verified

Complaint and Summons herein at the addressed listed in the caption by certified mail,

return receipt requested.


*/s/ Benjamin C. White*
Benjamin C. White

## VERIFICATION

STATE OF OHIO                )
                            )   :ss
COUNTY OF HAMILTON    )


     G. Gordon Hue, being first duly sworn, deposes and states that he works with

wineCRAFT LLC, that he has had direct dealings with ELV Oregon LLC, and that the

statements contained in this Verified Complaint are true and correct, to the best of his

knowledge, information and belief.


_G. Gordon Hue_
_____
G. Gordon Hue



     Sworn to before me and subscribed in my presence this __8th__ day of May, 2024.


_Tristan Hess_
_____
Notary Public



132800537v1

# Exhibit 1



February 14, 2024

**<u>VIA CERTIFIED MAIL</u>:**

George Gordon Hue
Dba Wine Craft
706 Oak Street
Cincinnati, OH 45206

      **RE:**    **Notice of Termination Pursuant to <u>Ohio Revised Code § 1333.85</u>**
                **ELV-Oregon, LLC dba Evening Land Vineyards**

Dear Mr. Hue:

      Please accept this letter as notice of termination of territory distribution rights of brands belonging to our client, ELV-Oregon, LLC, pursuant to <u>Ohio Revised Code § 1333.85</u>.

      As you know, Wine Craft has not purchased any product from ELV-Oregon, LLC since 2022. Additionally, ELV-Oregon, LLC has made repeated attempts to contact you regarding sales strategies in the assigned geographic area, however they have received no response or any communication from Wine Craft since 2022.

      Lastly, upon our information and belief, we understand that Wine Craft previously purchased wine from ELV-Oregon, LLC for wholesale into Ohio, which it then attempted to sell across state lines into Kentucky without authorization, which is a violation of Kentucky law under Ky. Rev. State. 244.250(1)(a).

      Accordingly, ELV-Oregon, LLC is asserting its right to cancel any and all distribution rights assigned to Wine Craft for just cause, in accordance with <u>Ohio Revised Code § 1333.85</u>, as of the date you receive this letter. If we do not hear a response from you within sixty (60) days, we will consider this a mutual cancellation of the relationship.

      If you have any questions or concerns regarding this matter, please do not hesitate to contact me.

                  Sincerely,

                  James G. Niekamp
                  Attorney



# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

**ELECTRONICALLY FILED**
**May 8, 2024 04:14 PM**
**PAVAN PARIKH**
**Clerk of Courts**
**Hamilton County, Ohio**
**CONFIRMATION 1468057**

**WINECRAFT LLC**                    A 2402044

vs.

**ELVOREGON LLC DBA**
**EVENING LAND VINEYARDS**

## FILING TYPE: CLASSIFICATION
## PAGES FILED: 1

EFR200



| COURT OF COMMON PLEAS<br>HAMILTON COUNTY, OHIO | CLASSIFICATION FORM<br><br>WWW.COURTCLERK.ORG | Pavan Parikh<br><br>CLERK OF COURTS |
| --- | --- | --- |

**CASE NUMBER:**_____ **PLAINTIFF:** wineCRAFT LLC _____

**PURSUANT TO SUPERINTENDENCE RULE 4, THIS CASE WAS ORIGINALLY FILED AND DISMISSED**

**UNDER CASE NUMBER:**_____ **BY JUDGE** _____

**Is this case appropriate to assign to the Commercial Docket (See Superintendence Rule 49.05)?** ☑Yes ☐No **TRO**

## PLEASE INDICATE CLASSIFICATION INTO WHICH THIS CASE FALLS (please only check one):

☐ Other Tort – C360
☐ Personal Injury – C310
☐ Wrongful Death – C320
☐ Vehicle Accident – C370

☐ Professional Tort – A300
☐ Personal Injury – A310
☐ Wrongful Death – A320
☐ Legal Malpractice – A330
☐ Medical Malpractice – A340

☐ Product Liability – B350
☐ Personal Injury – B310
☐ Wrongful Death – B320

☐ Worker's Compensation Non-
   Compliant Employer – D410
☐ Appeal – D420

☐ Administrative Appeals – F600
☐ Appeal Civil Service – F610
☐ Appeal Motor Vehicle – F620
☐ Appeal Unemployment – F630
☐ Appeal Liquor – F640
☐ Appeal Taxes – F650
☐ Appeal Zoning –F660
☐ Certificate of Qualification – H600
☐ Other Civil – H700-34

☐ Appropriation – H710
☐ Accounting – H720
☐ Beyond Jurisdiction –730
☐ Breach of Contract – 740
☐ Cancel Land Contract – 750
☐ Change of Venue – H760
☐ Class Action – H770
☐ Convey Declared Void – H780
☑ Declaratory Judgment – H790
☐ Discharge Mechanics Lien – H800
☐ Dissolve Partnership – H810
☐ CONSUMER SALES ACT (1345 ORC) – H820
☐ Check here if relief includes declaratory
   judgment, injunction or class action
   recovery – H825
☐ Habeas Corpus – H830
☐ Injunction – H840
☐ Mandamus – H850
☐ On Account – H860
☐ Partition – H870
☐ Quiet Title – H880
☐ Replevin – H890
☐ Sale of Real Estate – H900
☐ Specific Performance – 910
☐ Restraining Order – H920
☐ Testimony – H930-21
☐ Environmental – H940
☐ Cognovit – H950
☐ Menacing by Stalking – H960
☐ Repo Title – Transfer of Title Only –970
☐ Court Ordered Title – H980
☐ Injunction Sexual Predator – 990
☐ SB 10 – Termination – H690
☐ SB 10 – Reclassification – H697

**DATE:** May 8, 2024 _____

**ATTORNEY (PRINT):** Benjamin White _____

**OHIO SUPREME COURT NUMBER:** 0098232 _____

Revised 04/01/2024



**Aftab Pureval, Clerk of Courts**
**Court of Common Pleas, Hamilton County, Ohio**
**www.courtclerk.org**

# NOTIFICATION FORM

## CASE INFORMATION

**Date:** May 9, 2024

**Case No.:** A 2402044

**Caption:** wineCRAFT, LLC    **vs**    ELV-Oregon LLC

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ATTORNEY INFORMATION

**Attorney Name:** Aaron M. Herzig

**Attorney Address:** Taft Stettinius & Hollister LLC
**Firm**
425 Walnut Street, Suite 1800
**Street Number**
Cincinnati, Ohio 45202
**City, State, Zip**
513-381-2838
**Phone Number**
513-381-0205
**Fax Number**
aherzig@taftlaw.com
**E-Mail Address**

**Ohio Attorney Supreme Court No.:** 0079371

☐ **Address Change Only**

☐ **Request Case Notification / Not a Party Defendant**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COURT PARTY INFORMATION

**Name of Client:** wineCRAFT, LLC    ☑ **Plaintiff** ☐ **Defendant**

**Name of Client:** _____ ☐ **Plaintiff** ☐ **Defendant**

**Name of Client:** _____ ☐ **Plaintiff** ☐ **Defendant**

**Name of Client:** _____ ☐ **Plaintiff** ☐ **Defendant**

**Name of Client:** _____ ☐ **Plaintiff** ☐ **Defendant**

**Substituted for:** _____ **(if applicable)**

**Rev. 08/03/2017**



**Aftab Pureval, Clerk of Courts**
**Court of Common Pleas, Hamilton County, Ohio**
**www.courtclerk.org**

# NOTIFICATION FORM

## CASE INFORMATION

**Date:** May 9, 2024

**Case No.:** A 2402044

**Caption:** wineCRAFT, LLC                    **vs**  ELV-Oregon LLC

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ATTORNEY INFORMATION

**Attorney Name:** Benjamin White

**Attorney Address:** Taft Stettinius & Hollister LLC
**Firm**
425 Walnut Street, Suite 1800
**Street Number**
Cincinnati, Ohio 45202
**City, State, Zip**
513-381-2838
**Phone Number**
513-381-0205
**Fax Number**
bwhite@taftlaw.com
**E-Mail Address**

**Ohio Attorney Supreme Court No.:** 0098232

☐ **Address Change Only**

☐ **Request Case Notification / Not a Party Defendant**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COURT PARTY INFORMATION

**Name of Client:** wineCRAFT, LLC                    ■ **Plaintiff**  ☐ **Defendant**

**Name of Client:** _____                    ☐ **Plaintiff**  ☐ **Defendant**

**Name of Client:** _____                    ☐ **Plaintiff**  ☐ **Defendant**

**Name of Client:** _____                    ☐ **Plaintiff**  ☐ **Defendant**

**Name of Client:** _____                    ☐ **Plaintiff**  ☐ **Defendant**

**Substituted for:** _____ **(if applicable)**

**Rev. 08/03/2017**