# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **wineCRAFT, LLC,** | : Case No. 1:24-cv-292 |
| **Plaintiff,** | : |
| | : Judge Jeffrey P. Hopkins |
| v. | : |
| | : **PLAINTIFF wineCRAFT, LLC'S** |
| **ELV-Oregon LLC,** | : **MOTION TO REMAND** |
| | : |
| **Defendant.** | : **(Expedited ruling requested)** |

Under 28 U.S.C. § 1447(c), Plaintiff wineCRAFT, LLC ("wineCRAFT") asks this Court to remand this action to the Hamilton County, Ohio, Court of Common Pleas. This Court lacks diversity jurisdiction because wineCRAFT stipulates that it seeks less than $75,000 in aggregate damages, inclusive of attorneys' fees, punitive damages, and injunctive relief against Defendant ELV-Oregon LLC ("ELV"). As this Court recently held in *Total Quality Logistics, LLC v. James*, the stipulation deprives the federal court of subject matter jurisdiction. 630 F. Supp. 3d 902, 905 (S.D. Ohio 2022). For this reason, ELV cannot meet its burden of showing that the amount in controversy exceeds $75,000. No other grounds for federal jurisdiction exist. A Memorandum in Support is attached.[1]

Respectfully submitted,

*/s/ Benjamin C. White*
Benjamin C. White (0098232)
Aaron M. Herzig (0079371)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
(513) 381-2838
(513) 381-0205 Fax
bwhite@taftlaw.com
aherzig@taftlaw.com

*Attorneys for Plaintiff wineCRAFT, LLC*

---

[1] Because this case involves requests for a temporary restraining order and preliminary injunctive relief, wineCRAFT respectfully requests expedited ruling on this motion.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **wineCRAFT, LLC,** | : Case No. 1:24-cv-292 |
| **Plaintiff,** | : Judge Jeffrey P. Hopkins |
| v. | : **MEMORANDUM IN SUPPORT OF** |
| **ELV-Oregon LLC,** | : **PLAINTIFF wineCRAFT, LLC'S** |
| **Defendant.** | : **MOTION TO REMAND** |

On May 8, 2024, wineCRAFT filed a Verified Complaint in the Hamilton County, Ohio, Court of Common Pleas for declaratory judgment, breach of contractual and statutory duties, and injunctive relief against ELV. In the Verified Complaint, wineCRAFT alleges that ELV dishonored its franchise relationship with wineCRAFT, established under Ohio Revised Code 1333.83, by refusing to fulfill wineCRAFT's orders, improperly selling its product in Ohio through a different distributor, and attempting to terminate the franchise relationship without just cause. wineCRAFT demands recovery of damages "in an amount that will be determined at trial, but in excess of $25,000." (Verified Compl. ¶ 35, Doc. 3 at Pg, ID 80.)

On May 21, 2024, ELV removed the action to this Court, asserting diversity jurisdiction. ELV argued that the amount-in-controversy requirement for diversity jurisdiction is met based on wineCRAFT's allegations that ELV withheld product when the companies had been exchanging $7,500 of wine per month. (Notice of Removal ¶ 8, Pg. ID 3.) But, as reflected in the stipulation filed concurrently with this motion, wineCRAFT stipulates that it will not seek or accept damages against ELV in excess of $75,000. (*See* Doc. 8 at PageID 124-25.) Therefore, the amount in controversy is necessarily insufficient to support diversity jurisdiction, and this case must be remanded to the Hamilton County, Ohio, Court of Common Pleas.

**ARGUMENT**

A.     **Legal Standard**

A defendant desiring to remove a case based on diversity jurisdiction must show by a preponderance of the evidence that the requirements of diversity jurisdiction have been met. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001); *Total Quality Logistics, LLC v. Navajo Express, Inc.*, No. 1:18-cv-230, 2018 WL 2001434, *2 (S.D. Ohio Apr. 30, 2018). "[T]he removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)). And, "[a]fter removal, a district court is *required* to remand cases if it *appears* subject matter jurisdiction is lacking." *Navajo*, 2018 WL 2001434, at *2 (emphasis in original).

B.     **wineCRAFT is entitled to stipulate to damages.**

A plaintiff is the master of its complaint and can plead, or stipulate, to avoid federal jurisdiction. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998-99 (9th Cir. 2007) (overruled on other grounds); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [plaintiff] does not desire to try [its] case in the federal court [it] may resort to the expedient of suing for less than the jurisdictional amount, and though [plaintiff] would be justly entitled to more, the defendant cannot remove.") (superseded by statute on other grounds).

In response to removal, a plaintiff who desires remand may file a stipulation that caps its damages below the jurisdictional threshold to remain in state court. *See, e.g.*, *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014) (explaining that a plaintiff may file a post-removal stipulation that states that the amount in controversy is less than $75,000); *Total Quality*

2

*Logistics, LLC v. Summit Logistics Grp., LLC*, No. 1:20-cv-519, 2020 WL 6075712, *3 (S.D. Ohio Oct. 14, 2020) ("[T]he plaintiff can respond to the removal by stipulating in the federal court action that the amount in controversy is less than the jurisdictional amount."); *Total Quality Logistics, LLC v. Franklin*, No. 1:19-cv-266, 2020 WL 5051418, *4 (S.D. Ohio Aug. 27, 2020) ("[A] plaintiff can respond to the removal by stating in a binding fashion, for the first time (as State rules do not allow binding damages allegations in the category of cases under consideration), that his or her damages do not exceed the jurisdictional threshold," which "the court treats . . . as a clarification of damages, not a reduction.").

The stipulation need only be unequivocal and be the first statement the plaintiff provides of its upper limit of damages. *See, e.g.*, *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469-70 (6th Cir. 2019) (observing that stipulations with unequivocal language disclaiming damages over $75,000 are sufficient to repudiate federal jurisdiction, so long as the stipulation is the "first post-removal statement regarding damages sought"). This Court has concluded that a stipulation is sufficiently unequivocal if it provides that a plaintiff "stipulates that the relief it seeks, and will accept, is limited to judgment of the following in a cumulative amount that is less than $75,000.00, inclusive of compensatory damages, punitive damages, attorney's fees, and the fair value of any injunctive relief." *See Total Quality Logistics, LLC v. Johnson*, No. 1:21-CV-467, 2021 WL 3453399, *3 (S.D. Ohio Aug. 6, 2021). And, if the plaintiff pled in its complaint that it was seeking in excess of $25,000, then a post-removal clarification that it will not seek more than $75,000 may serve as its first statement on the upper limit of what it is seeking to recover.[2]

---

[2] Courts distinguish such a post-removal *clarification* of the upper amount plaintiff seeks from a post-removal *reduction* of the damages sought, the latter of which does not impact the amount in controversy. *See, e.g.*, *TQL v. Franklin*, 2020 WL 5051418 at *4. Here, wineCRAFT only sought in state court an amount in excess of $25,000—all it was allowed to do under Ohio Civil Rule 8(A) ("If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading *but shall not specify in the demand for judgment the amount of recovery sought*"). Its stipulation, therefore, is a clarification, not a reduction.

*See, e.g.*, *Total Quality Logistics, LLC v. Reed Transp. Servs., Inc.*, No. 1:19-CV-182, 2019 WL 6723837, *3 (S.D. Ohio Dec. 11, 2019) (plaintiff whose complaint sought compensatory damages in excess of $25,000, was able to clarify through post-removal stipulation that it did not seek more than $75,000, thereby requiring remand); *Navajo*, 2018 WL 2001434, at *2-3 (where complaint simply stated that TQL sought damages in excess of $25,000, plaintiff was able to clarify post-removal that it sought no more than $75,000 in damages).

If the plaintiff provides such an unequivocal clarification that it will not seek or accept more than $75,000, remand is required. *See Johnson*, 2021 WL 3453399, at *3-4 (remand required where party moving to remand provided unequivocal stipulation clarifying amount in controversy); *Summit Logistics*, 2020 WL 6075712, at *3 ("So long as the stipulation is clear that the plaintiff is not seeking, and will not accept, more than $75,000, that stipulation is binding, and thus deprives the federal court of subject matter jurisdiction."); *Total Quality Logistics, LLC v. Johnson*, No. 1:19-cv-850, 2019 WL 5540682, *2-3 (S.D. Ohio Oct. 28, 2019) ("[A] post-removal stipulation limiting the total recovery sought to below the federal jurisdictional amount necessitates remanding this case back to state court" because "[e]ven assuming Defendants properly removed the case based on the information they had at the time, that does not negate the fact that a plaintiff may stipulate to limited damages after removal when the stipulation provides specific information regarding the amount of damages sought for the first time."); *Total Quality Logistics, LLC v. Littrell*, No. 1:19-cv-42, 2019 WL 1033636, *3 (S.D. Ohio Mar. 5, 2019) ("[W]here the amount of damages sought in the original complaint is ambiguous, and later 'clarified' by amendment or stipulation in a manner that demonstrates the amount in controversy is less than or equal to $75,000, remand is required."); *Captain v. Wal-Mart Stores E., Inc.*, No. 10-501-HJW-JGW, 2010 WL 4875702, *1 (S.D. Ohio Oct. 7, 2010) ("[R]emand is required when a plaintiff executes a post-

4

removal stipulation that caps damages below the $75,000 threshold."), *report and recommendation adopted*, No. C-1-10-501, 2010 WL 4825890 (S.D. Ohio Nov. 23, 2010).

**C. Because wineCRAFT's stipulation affirms that wineCRAFT does not seek and will not accept relief over $75,000 from ELV, remand is appropriate.**

wineCRAFT's stipulation supporting this motion (Doc. 8) affirms that its damages are less than the minimum amount in controversy for federal jurisdiction: wineCRAFT "hereby stipulates that the relief it seeks or will accept against [ELV] is limited to judgment in a cumulative amount that is less than $75,000.00, inclusive of compensatory damages, punitive damages, attorneys' fees, and the fair value of any injunctive relief." (Doc. 8 at Pg. ID 124.) And it expressly states that it is "unequivocal and binding on wineCRAFT." (*Id.*, Pg. ID 125.) It is also wineCRAFT's first binding statement on the upper limit of its damages. The Verified Complaint sought an amount "in excess of $25,000" and, because it is prohibited from doing so under Ohio Civil Rule 8, did not specify the amount of recovery sought. And, indeed, the monthly sales cited in the Verified Complaint cannot form the basis for damages or lost profits, because wineCRAFT's projected profits on any particular purchase order are less than the amount of the purchase order. Thus, the stipulation serves as the first clarification from wineCRAFT as to what its damages actually are. *Total Quality Logistics, LLC v. James*, 630 F. Supp. 3d 902, 906 (S.D. Ohio 2022).

This Court has already ruled that effectively identical stipulations clarify and unequivocally limit the relief sought below the jurisdictional threshold and therefore require remand. *See, e.g.*, *James*, 630 F. Supp. 3d at 906 (remanding case because TQL stipulated that the relief it sought or would accept against defendants was limited to $75,000, which statement was "unequivocal and binding on TQL."); *Johnson*, 2021 WL 3453399, at *3 (remanding case because TQL stipulated that "the relief it seeks, and will accept . . . is limited to judgment of the following in a cumulative amount that is less than $75,000.00, inclusive of compensatory damages, punitive damages,

5

attorney's fees, and the fair value of any injunctive relief"); *Reed*, 2019 WL 6723837, at *3 (stipulation stating that the total damages TQL seeks, including injunctive relief, compensatory and punitive damages, and attorneys' fees was limited to an amount totaling less than $75,000 was sufficient to require remand); *Johnson*, 2019 WL 5540682, at *3 (stipulation that "the total damages Plaintiff seeks, including injunctive relief, compensatory and punitive damages, and attorney's fees is limited to less than $75,000" and that stated it was "unequivocal and binding" on plaintiff divested federal court of jurisdiction); *Patterson v. Chipotle Mexican Grill, Inc.*, No. 1:12CV2872, 2012 WL 6733085, *2 (N.D. Ohio Dec. 28, 2012) (remanding case because plaintiff stipulated that her damages claims did not exceed $75,000.00); *Midwest Motor Supply v. Hyde*, No. 2:20-CV-1785, 2020 WL 4251031, *3 (S.D. Ohio July 24, 2020), *report and recommendation adopted*, No. 2:20-CV-1785, 2020 WL 6136103 (S.D. Ohio Oct. 19, 2020) (stipulation "that [Plaintiff] is not, and will not, make a claim for, or otherwise pursue, damages in an amount equal to or exceeding the sum of $75,000, in total, as to all defendants and claims in this case, inclusive of punitive damages, attorney fees, value of injunctive relief, and any other type of damages, but excluding interest and costs" was sufficient limitation on damages to warrant remand).

Thus, wineCRAFT has established that the amount in controversy is unequivocally beneath the jurisdictional threshold for federal jurisdiction and, for that reason, this Court should remand the case to the Hamilton County, Ohio, Court of Common Pleas.

## CONCLUSION

For the foregoing reasons, wineCRAFT respectfully requests that this Court grant its Motion to Remand.

    Respectfully submitted,

    */s/ Benjamin C. White*
    Benjamin C. White (0098232)

6

                                    Aaron M. Herzig (0079371)
                                    Taft Stettinius & Hollister LLP
                                    425 Walnut Street, Suite 1800
                                    Cincinnati, OH 45202-3957
                                    (513) 381-2838
                                    (513) 381-0205 Fax
                                    bwhite@taftlaw.com
                                    aherzig@taftlaw.com

                                    *Attorneys for Plaintiff wineCRAFT, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above was filed electronically on May 29, 2024. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

<u>/s/ Benjamin C. White</u>